IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **Alexis Brixey, individually and on behalf of all others similarly situated**<br><br>*Plaintiffs,*<br><br>v.<br><br>**McAdoo′s Seafood Company, LLC d/b/a McAdoo′s Seafood Co. & Oyster Bar; and Wiggins Hospitality Group, LLC d/b/a La Cosecha Mexican Table**<br><br>*Defendants.* | No. 5:23-cv-00232-DAE<br><br><br>**JOINT FED R. CIV. P 26(F) REPORT** |

Alexis Brixey, individually and on behalf of all others similarly situated ("Plaintiffs") and McAdoo′s Seafood Company, LLC d/b/a McAdoo′s Seafood Co. & Oyster Bar; and Wiggins Hospitality Group, LLC d/b/a La Cosecha Mexican Table ("Defendants"), collectively, the "Parties", file this report jointly requesting the Court allow this case to proceed in two phases as follows:

I.   DESCRIPTION OF CASE

This action was brought as a collective action under the Fair labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA") against Defendants for alleged violations of the FLSA's minimum wage and tip credit provisions. *See* 29 U.S.C. §§ 203(m), 206. In addition to the individual claims of Alexis Brixey, Plaintiffs bring the claims asserted in this lawsuit on behalf of all others purportedly similarly situated. *See* 29 U.S.C. § 216(b) ("An action . . . may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees

1

similarly situated."). In order to allow individuals who Plaintiffs maintain are "other employees similarly situated" an opportunity to join this action, Plaintiffs will be filing a *Motion to Issue Court-Authorized Notice to Similarly Situated Employees*. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless [they] consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

## II. JOINT REQUEST FOR TWO PHASES

Plaintiffs intend to file a *Motion to Issue Court-Authorized Notice to Similarly Situated Employees* ("Plaintiffs' Motion")—asking the Court to, with an evidentiary record before it, and considering all available evidence, determine whether the Plaintiffs and putative opt-ins are similarly situated. are similarly situated. Therefore,—the Parties request the Court allow the case to proceed in two (2) phases and, if Plaintiffs' Motion is granted, allow the Parties to submit a second joint report and proposed scheduling order after the issue of notice entitlement is resolved. Without knowing how the Court will rule on Plaintiffs' Motion or, if it is granted, the number of plaintiffs who will consent to join this action, it is very difficult to anticipate the amount of time necessary to complete discovery and prepare this case for trial. Therefore, the Parties respectfully request the Court to allow the case to proceed in two (2) prospective phases as follows:

1. **PHASE ONE**

Phase One would be limited to resolving the question of whether Plaintiffs and other individuals are "similarly situated", and therefore, entitled to receive notice of their right to join this action pursuant to Section 216(b) of the FLSA. If the Parties' request for phases is granted by the Court, the Parties anticipate that ninety (90) days from the date of the Court's Scheduling

Order would be sufficient time for the Parties to conduct limited discovery regarding whether there are other individuals who are "similarly situated" under 29 U.S.C. § 216(b).

Then, on or before the expiration of ninety (90) days from the date of the Court's Order, Plaintiffs would file their Motion.

2. **PHASE TWO**

If the Court grants Plaintiffs' Motion, Phase Two would begin on the date the Court sets for the close of the opt-in period. If the Court denies Plaintiffs' Motion, Phase Two would begin on the date the Court issues its denial. Allowing the Parties to conduct a second scheduling conference after the issue of notice entitlement is resolved and, if applicable, the number of potential opt-in plaintiffs is known, will allow the Parties to be in a better position to confer and report back to the Court with more specific knowledge as to the scheduling and discovery needs of this action.

\* \* \*

Therefore, the Parties request the Court's scheduling order issued as a result of this report and the Parties' Joint Scheduling Recommendations: (1) direct the Parties to confer no later than thirty (30) days after Phase Two begins, and (2) direct the Parties to file a second report, no later than thirty (30) days after Phase Two begins, to further address any proposals or limitations under Federal Rule of Civil Procedure 26(f), including requested deadlines and the anticipated time needed to prepare this case for trial.

III. **JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made [Fed. R. Civ. P. 26(f)(3)(A)]**

Subject to the limitation below regarding Fed. R. Civ. P. 26(a)(1)(A)(iii), the parties will exchange Rule 26(a)(1) initial disclosures via electronic mail on or before June 9, 2023.

Plaintiffs will disclose the method of computing damages with their initial disclosures. Plaintiffs will provide a calculation of their purported damages within a reasonable time after Defendants' produce Plaintiffs' payroll documents and other information in .xls or .csv[1] format from which Plaintiffs can calculate their damages.

B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues [Fed. R. Civ. P. 26(f)(3)(B)]**

As discussed in Section II, above, the Parties request the Court to allow the case to proceed in two phases. Therefore, the Parties request the Court to allow the Parties to file a second report within thirty (30) days after Phase Two begins addressing the subjects of discovery, when discovery should be completed, and whether discovery should be further limited or focused on particular issues.

C. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced [Fed. R. Civ. P. 26(f)(3)(C)]**

The Parties agree to accept service of all documents, including discovery, in this matter via electronic mail. The Parties also agree to produce all documents, including discovery, in electronic format contemporaneously with their responses to discovery whenever reasonably possible. If all

---

[1] Though Plaintiffs maintain that such records are available to Defendants in .xls or .csv format, the reasonableness of the time it takes Plaintiffs to calculate their damages will depend in large part on the format of the files Defendants provide to Plaintiffs.

or part of such documents cannot be contemporaneously provided, the Parties agree to promptly supplement their production.

**Electronically Stored Information**

The claims and defenses at issue in this lawsuit involve extensive electronically stored information ("ESI") and discovery will likely involve information or records maintained by Defendants in electronic format (including e.g., time records, payroll records, tip share worksheets, and emails and email attachments).

1) **Use of Search Terms.** Prior to the deadline to respond to Plaintiff's first request for production, Defendants agree to meet and confer about the methods they will use to search Electronically stored information ("ESI") and appropriate search terms to identify information that is subject to production. The Parties will cooperate in the development of appropriate search methodology and criteria, including the potential use of computer-assisted search methodologies and other analytics-based search and filtering tools. The Parties further agree to ensure any potentially relevant ESI in their custody or control or in the custody or control of any third-party vendors will be preserved and delivered (if responsive to any discovery requests) in the proper format and manner, as described below.

2) **Form of Production.** All documents to be produced will be converted to a paginated version as a PDF ("Paginated Document").

3) **Native Files.** The Parties will produce corresponding copies of all Paginated Documents in .msg, .xls, or .csv format when such format is reasonably available. This includes production of spreadsheets and other native files (e.g. .msg, .xls, or .csv) that are available or that may be exported from the Parties computers, computer systems or software.

4) **Bates Numbering.** All produced Paginated Documents will include a legible, unique page identifier ("Bates Number") electronically embossed onto each page at a location that is reasonably intended (to the extent feasible) to not obliterate, conceal, or interfere with any information from the Paginated Document. No other legend or stamp will be placed on the Paginate Document other than a confidentiality legend, redactions (consistent with any other protective orders or applicable law), and any applicable protective order that the court enters in this case.

5) **File Naming Conventions.** Each produced Paginated Document file will be named with the beginning Bates Number—the Bates Numbers shall avoid the use of symbols or characters that cannot be included in a file name.

**6)** **Delivery.** ESI shall be produced or transmitted electronically unless otherwise agreed to in writing by the parties. All ESI shall be produced with all metadata intact.

**D.** **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502 [Fed. R. Civ. P. 26(f)(3)(D)]**

The Parties do not have any current concerns regarding issues about claims of privilege nor do the Parties anticipate filing a proposed order pursuant to Federal Rule of Evidence 502.

**E.** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed [Fed. R. Civ. P. 26(f)(3)(E)]**

As discussed in Section II, above, the Parties request the Court to allow the case to proceed in two phases.

**Deposition Procedures.** At this time, the Parties agree that depositions shall be taken by agreement with no unilateral deposition notices. Depositions shall be conducted in accordance with the requirements of the Federal Rules of Civil Procedure, together with any other requirements the Court considers appropriate.

**Subpoena Procedures.** No party shall serve a subpoena or attempt to serve a subpoena before providing all other parties at least seven days' notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed within seven days, no further attempts to serve the subpoena or no contact with the intended subpoena recipient will be initiated and the subpoena will not be served, until such motion is resolved.

In addition, other discovery limitations may be necessary, however, the Parties are unable to anticipate whether other discovery limitations are necessary without first knowing the number of plaintiffs who ultimately join this action. For example, depending on the number of plaintiffs, if

any, who ultimately are determined to be similarly situated and who also file consents to join this action, the Parties may agree, or one or more of the Parties may request the Court to limit discovery to a representative sample of the plaintiffs. Therefore, the Parties respectfully request the Court allow the Parties an opportunity to address these issues once this case enters Phase Two.

F.      **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c) [Fed. R. Civ. P. 26(f)(3)(F)].**

At this time, the Parties do not anticipate the need for the Court to issue any other orders under Rule 26(c) or Rule 16(b) and (c).

*   *   *

**PRAYER**

For the foregoing reasons, the Parties respectfully request the Court to allow this case to proceed in two (2) phases, as set forth herein.

Respectfully and jointly submitted,

By:   */s/ Drew N. Herrmann*
      Drew N. Herrmann
      Texas Bar No. 24086523
      drew@herrmannlaw.com
      Pamela G. Herrmann
      Texas Bar No. 24104030
      pamela@herrmannlaw.com

      **HERRMANN LAW, PLLC**
      801 Cherry St., Suite 2365
      Fort Worth, TX 76102
      Phone: 817-479-9229
      Fax: 817-840-5102
      ATTORNEYS FOR PLAINTIFFS
      AND COLLECTIVE MEMBERS

By:   */s/ Laura Merritt* (with permission)
      Laura Merritt
      State Bar No. 00791252
      laura@boulettegolden.com
      Taylor J. Graham
      State Bar No. 24099023
      taylor@boulettegolden.com

      **BOULETTE GOLDEN & MARIN L.L.P.**
      2700 Via Fortuna, Suite 250
      Austin, Texas 78746
      Tel: 512.732.8900
      Fax: 512.551.9602
      ATTORNEYS FOR DEFENDANTS